Carly M. Roman (SBN 349895)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
2261 Market Street, Ste 22946
San Francisco, California 94114
T: (872) 263-1100
F: (872) 263-1109
croman@straussborrelli.com

*Attorneys for Plaintiffs and Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUIS LOPEZ** and **KENNETH WATKINS**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**OX CAR CARE, INC.**,<br><br>Defendant. | No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

1. Luis Lopez and Kenneth Watkins ("Plaintiffs"), through their attorneys, individually and on behalf of all others similarly situated, bring this Class Action Complaint against Ox Car Care, Inc. ("Ox Car Care").

2. This class action arises from Defendant's persistent disregard for federal law—specifically, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Ox Car Care uses unlawful and invasive telemarketing tactics to drum up business. And Ox Car Care flooded Plaintiffs with invasive telemarketing solicitations in clear violation of the TCPA.

4. Now, Plaintiffs bring this class action on behalf of themselves, and all others harassed by Ox Car Care and its unlawful telemarketing tactics.

## PARTIES

5. Plaintiff, LUIS LOPEZ, is a natural person and a citizen of Massachusetts.

6. Plaintiff, KENNETH WATKINS, is a natural person and a citizen of Illinois.

7. Defendant, OX CAR CARE, INC., is a corporation incorporated in Delaware and with its principal place of business in this District.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

9. This Court has personal jurisdiction over Ox Car Care because it is headquartered in this District.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District as the calls were sent from this District.

## BACKGROUND

### *The Telephone Consumer Protection Act*

11. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

12. "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

13. As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq.* and its implementing regulations 47 C.F.R. § 64.1200 *et seq.*

14. The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(b)(3), (c)(5).

15. For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(b)(3), (c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id.*

16. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

17. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

***Plaintiff Luis Lopez***

18. Plaintiff Luis Lopez is an individual and a "person" within the meaning of 47 U.S.C. § 153(39).

19. Plaintiff is the subscriber and sole user of the telephone number (617) XXX-XXXX (the "Telephone Number").

20. To avoid unsolicited telemarketing calls, Plaintiff personally placed the Telephone Number on the National Do-Not-Call Registry in August 2022. Since that time, Plaintiff has not removed the Telephone Number from the National Do-Not-Call Registry.

21. Plaintiff uses the Telephone Number for personal, residential, and household purposes, including communicating with friends and family and scheduling personal appointments.

22. Plaintiff has not operated any business using the Telephone Number since 2023.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

23. Prior to 2023, the Telephone Number was temporarily associated with a photography business operated by Plaintiff, which ceased operations in 2023, before any of the unlawful calls alleged herein were received.

24. Since the closure of that business, the Telephone Number has been used primarily for personal, residential, and household purposes, although former clients have occasionally contacted Plaintiff at the number regarding photography services.

25. Plaintiff has never taken a business-related tax deduction for the Telephone Number.

26. Plaintiff has been the sole owner and user of the Telephone Number for several years and has been the sole payer of all charges associated with it.

27. Plaintiff has never received reimbursement from any business for use of the Telephone Number.

28. Plaintiff is not, and has never been, a customer of Defendant Ox Car Care, Inc.

29. Plaintiff has never had a business relationship with Defendant.

30. Plaintiff never provided the Telephone Number to Defendant.

31. Plaintiff never consented to receiving telemarketing calls, prerecorded messages, or artificial-voice messages from Defendant.

32. On December 6, 2025, Plaintiff sent Defendant a written demand letter demanding that Defendant cease its unlawful telemarketing practices. Defendant failed to respond.

***Plaintiff Kenneth Watkins***

33. Plaintiff Kenneth Watkins is an individual and a "person" within the meaning of 47 U.S.C. § 153(39).

34. Plaintiff is the subscriber and sole user of the telephone number (708) XXX-XXXX (the "Watkins Telephone Number").

35. To avoid unsolicited telemarketing calls, Plaintiff personally placed the Watkins Telephone Number on the National Do-Not-Call Registry in December 2013. Since that time, Plaintiff has not removed the number from the Registry.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

36. Plaintiff uses the Watkins Telephone Number exclusively for personal, residential, and household purposes.

37. Plaintiff has never used the Watkins Telephone Number for business purposes.

38. Plaintiff is not, and has never been, a customer of Defendant.

39. Plaintiff has never had a business relationship with Defendant.

40. Plaintiff never provided his telephone number to Defendant.

41. Plaintiff never consented to receiving telemarketing calls, prerecorded messages, or artificial-voice messages from Defendant.

***Ox Car Care Violated the TCPA***

42. As explained below, Defendant violated the TCPA numerous times as to Lopez and Watkins.

43. Defendant placed numerous telephonic solicitations to Lopez's telephone number, including, but not limited to, the following:

- December 9, 2025, at approximately 4:18 p.m. from (617) 676-9567
- December 11, 2025, at approximately 12:19 p.m. from (617) 676-9567
- December 12, 2025, at approximately 4:17 p.m. from (617) 676-9567
- December 27, 2025, at approximately 11:55 a.m. from (617) 676-9567

44. Separate from the calls above, Lopez also received additional prerecorded voicemails from Defendant containing the same or substantially similar messages.

45. For example, in one voicemail, Defendant stated in substance:

> "Hi, my name is Trinity from Ox Auto Guard. We are following up on your prior interest in an auto warranty. If you are still in the market, please reach back out to us at 844-299-0885. Thank you."

46. While Defendant did not always identify itself by name in the voicemails, Defendant frequently identified (844) 299-0885 as a call back number.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

47. Defendant represents, on its public facing website, that (844) 299-0885 is one of its phone numbers.[1]




48. In other words, Defendant repeatedly called Lopez's telephone number and attempted to solicit Lopez to purchase an automobile warranty or vehicle service contract products.

49. The voicemails to Lopez featured a crisp and articulate voice—which noticeably lacked the typical pauses, missteps, and "filler words" (e.g., "um") that characterize normal human speech. Thus, on information and belief, the telephone calls and voicemails used a prerecorded or artificial voice.

50. Watkins is the subscriber and sole user of the telephone number (708) XXX-XXXX, a personal, residential telephone number registered on the National Do-Not-Call Registry since December 2013.

51. On December 15, 2025, at approximately 3:23 p.m., Watkins received a call from (708) 960-9128, which Watkins believes, based on the content and timing of the call, was placed by or on behalf of Defendant.

---

[1] *See* Ox Car Care at https://oxcarcare.com/contacts.html (last accessed January 21, 2026).



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

52. On or about December 17, 2025, at approximately 4:00 p.m., Watkins again received a call from (708) 960-9128, which Watkins similarly believes was placed by or on behalf of Defendant.

53. Watkins also received several additional unsolicited telemarketing calls promoting automobile warranty services, including at least one instance in which Watkins requested that the calls stop.

54. The telephone numbers used to contact Watkins were spoofed and could not be reliably traced or returned, evidencing an intent to evade identification and accountability.

55. The aforementioned telephone solicitations to Lopez and Watkins were unwanted and nonconsensual, as neither Lopez nor Watkins provided consent or requested the calls.

56. Lopez, Watkins, and all members of the Class, defined below, have been harmed by Defendant's conduct because their privacy has been violated and they were annoyed and harassed.

57. On information and belief, Defendant will continue to place unlawful telephonic solicitations to Lopez, Watkins, and Class Members unless enjoined by this Court.

## CLASS ACTION ALLEGATIONS

58. Plaintiffs bring this class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following:

> **National Do-Not-Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but then received two or more telephone calls from, or on behalf of, Ox Car Care (3) during a 12-month period and (4) within four years prior to the commencement of this litigation and up until the date of trial.

> **Prerecorded Voice Class**: All persons in the United States (1) whose telephone number (2) received one or more telephone calls from, or on behalf of, Ox Car Care (3) during a 12-month period, (4) within four years prior to the commencement of this litigation and up until the date of trial, and (5) when the telephone call used a prerecorded or artificial voice.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

59. Together, the various classes are referred to as the "Class."

60. Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Ox Car Care has a controlling interest, any Ox Car Care officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

61. Plaintiffs reserve the right to amend the class definition.

62. Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on class-wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

63. **Ascertainability**. All members of the proposed Class are readily ascertainable from information in Defendant's custody and control. Specifically, all members of the proposed Class can be ascertained through analysis of Defendant's phone records.

64. **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. After all, telemarketing campaigns necessarily involve communication with large groups of people.

65. **Typicality**. Plaintiffs' claims are typical of those of Class Members because all such claims arise from Defendant's unlawful telemarketing practices.

66. **Adequacy**. Plaintiffs will fairly and adequately protect the proposed Class's common interests. Their interests do not conflict with Class Members' interests. And Plaintiffs' counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

67. **Commonality and Predominance**. Plaintiffs' and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, *inter alia*:

a. whether Ox Car Care violated the TCPA;



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

b. whether Ox Car Care violated the TCPA willfully and knowingly;

c. whether Plaintiffs are entitled to statutory damages;

d. whether Plaintiffs are entitled to treble damages;

e. whether Ox Car Care should be enjoined from further TCPA violations.

68. **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Ox Car Care would require. Thus, it would be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiffs and the National Do-Not-Call Registry Class)**

69. Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein.

70. The foregoing acts and omissions of Ox Car Care and its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by making telemarketing solicitations, except for emergency purposes, to the Plaintiffs and the National Do-Not-Call Class despite their numbers being on the National Do-Not-Call Registry.

71. Ox Car Care violated the TCPA willfully or knowingly.

72. Plaintiffs and National Do-Not-Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

73. Plaintiffs and National Do-Not-Call Class Members seek injunctive relief prohibiting Ox Car Care from making further unlawful telephonic solicitations to Plaintiffs and National Do-Not-Call Class Members.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiffs and the Prerecorded Call Class)**

74. Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein.

75. The foregoing acts and omissions of Ox Car Care and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by making telephonic solicitations, except for emergency purposes, to the Plaintiffs and the Prerecorded Call Class while using a prerecorded and/or artificial voice.

76. Ox Car Care violated the TCPA willfully or knowingly.

77. Plaintiffs and Prerecorded Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

78. Plaintiffs and Prerecorded Call Class Members seek injunctive relief prohibiting Ox Car Care from making further unlawful telephonic solicitations to Plaintiffs and Prerecorded Call Class Members.

## PRAYER FOR RELIEF

Plaintiffs and Class Members respectfully request judgment against Ox Car Care and that the Court enter an order:

A. Certifying this case as a class action on behalf of Plaintiffs and the Class, appointing Plaintiffs as class representatives, and appointing their counsel to represent the Class;

B. Awarding statutory damages to Plaintiffs and Class Members;

C. Providing the injunctive relief requested herein; and

D. Granting such other relief as the Court deems just and proper.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all claims so triable.

Respectfully submitted this 28th day of January, 2026.

*/s/ Carly M. Roman*
Carly M. Roman (SBN 349895)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

*Attorney for Plaintiff*
*and the Proposed Class*